ORDERED in the Southern District of Florida on ⎯⎯ Jan 14, 2010



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | **Chapter 11** |
| PRIVE VEGAS, LLC and PVPH, LLC, | **Case No. 09-34880-AJC** <br> **Case No. 09-34893-AJC** |
| Debtors. | **JOINTLY ADMINISTERED** |

## MEMORANDUM DECISION GRANTING SUN CITY ELECTRIC'S MOTION TO LIFT STAY TO LIQUIDATE DISPUTED CLAIMS IN MULTI-PARTY STATE COURT LITIGATION

THIS CAUSE came before this Court for hearing on December 7, 2009 (D.E. 33) upon Sun City Electric's November 20, 2009 Motion for Relief from the Automatic Stay in Order to Liquidate Disputed Claims in Multi Party State Court Litigation (D.E. 28) ("Motion for Stay Relief"). The Court has reviewed the Motion for Stay Relief, Debtors and Debtors-in-possession, Prive Vegas, LLC and PVPH, LLC's (the "Debtors") December 3, 2009 Memorandum in Opposition (the "Opposition") to the Motion for Stay Relief (D.E. 46), Sun City Electric's December 4, 2009 Reply

(the "Reply") to same (D.E. 48) and Midwest Drywall, Co., Inc.'s ("Midwest Drywall") December 4, 2009 Joinder (the "Joinder") in the Motion for Stay Relief (D.E. 49), the Declarations and Exhibits attached to the Opposition and the Reply.

The essential facts are undisputed. On November 11, 2009, Debtors, a Las Vegas nightclub operating out of the Planet Hollywood Resort and Casino, filed their petitions for relief under Chapter 11 of the Bankruptcy Code (D.E. 1). The cases are being jointly administered by this Court (D.E. 11). Debtors continue to operate their business as Debtors in Possession, and neither a Trustee nor a Creditors Committee has been appointed in this case.

Prior to the filing, Debtors had been engaged in a dispute in Nevada with its General Contractor, ADT, and various subcontractors, including Sun City Electric, its electrical subcontractor, and Midwest Drywall, its drywall subcontractor, over monies which were claimed due, and monies that have been paid and not credited against obligations, and the nature of the construction and build-out of the Debtors' premises. As a result of the dispute, Debtor Prive is a party to litigation in several actions before the Nevada State Court involving creditors Sun City, Mid-west Drywall, Opbiz, and ADT.

Prepetition, an order was obtained in the State Court litigation consolidating these several actions before one Nevada State Court judge under the lead case, Case No. A558732. There is no dispute the causes of action in the consolidated State Court action are based entirely on Nevada law and that all witnesses to the dispute are located in Nevada. It further appears the Nevada State Court is familiar with the parties, issues and proceedings in the consolidated State Court action, having already made substantive rulings and having scheduled discovery and an expedited trial date.

The Debtors assert that, as a result of the escalating costs of the contractor and subcontractor litigation, they were unable to pay their obligations as they became due and sought protection under

Chapter 11 to preserve their going concern value and the operation of their business.  The Debtors

have scheduled creditors Sun City, Mid-west Drywall, Opbiz, and ADT as having disputed claims.

Debtors represent the leasehold between Opbiz and Prive is Prive's largest asset and that a

determination regarding its leasehold with Opbiz is critical to the formation of a plan of

reorganization.

It is the dispute with the subcontractors that is the subject matter of this Motion for Stay

Relief by Sun City Electric, and the Joinder by Midwest Drywall (collectively the "Subcontractors"),

in which movants seek the lifting or modification of the automatic stay for "cause" under 11 U.S.C.

§362(d)(a)(1) to allow them to proceed with the enforcement of their mechanics' liens in Nevada

State Court against the Debtors and OpBiz.  The Debtors oppose stay relief contending that the

litigation would be too costly and better handled by this Court in the ordinary course of the claims

administration process.  The issue to be determined by the Court is whether "cause" exists to modify

the stay pursuant 11 U.S.C. §362(d).

Having considered the submissions of the parties, and the proffers, arguments and

representations of counsel, the Court grants the motion for stay relief.

## ANALYSIS

Under 11 U.S.C. §362(a)(4) a bankruptcy petition "operates as a stay ... of ... any act to

create, perfect, or enforce any lien against property of the estate." An action to enforce a

materialman's lien is clearly stayed by this section. In re Orndorff Const., Inc., 394 B.R. 372, 375

(Bankr. M.D.N.C. 2008);  In re Baldwin Builders, 232 B.R. 406, 412-13 (9th Cir. B.A.P. 1999); In

re Concrete Structures, Inc., 261 B.R. 627, 637 (E.D. Va.2001); In re Cook, 384 B.R. 282, 288-89

(Bankr. N.D. Ala.2008); In re WorldCom, Inc., 362 B.R. 96, 105, 108 (Bankr. S.D.N.Y. 2007); In

re Richardson Builders, Inc., 123 B.R. 736, 738 (Bankr. W.D.Va. 1990).

The moving party must first establish "cause" exists and the non movant must then rebut. In re Stranahan Gear Co., Inc., 67 B.R. 834, 836-837 (Bankr. E.D. Pa.1986); In re Kane, 27 B.R. 902, 905 (Bankr. Pa. 1983); In re Curtis, 40 B.R. 795, 802-803 (Bankr. Utah 1984)("one who seeks relief from the automatic stay must, in the first instance, establish a legally sufficient basis, *i.e.,* cause, for such relief"); *see also, e.g.,* In re Compass Van and Storage Corp., 61 B.R. 230, 234 (Bankr. E.D.N.Y. 1986); Close v. UNR Industries, Inc. (In re UNR Indus., Inc.), 54 B.R. 270, 272 (Bankr. N.D.Ill. 1985); Teilhaber Mfg. Co. v. UNARCO Indus., Inc. (In re UNR Indus., Inc.), 54 B.R. 266, 268 (Bankr. N.D.Ill. 1985); Trident Steel Corp. v. UNR, Inc. (In re UNR Indus., Inc., 54 B.R. 263, 265 (Bankr. N.D.Ill. 1985); In re Rye, 54 B.R. 180, 182 (D.S.C.1985).

This Court finds the movants have established the requisite "cause" to allow the cases to proceed in Nevada at this time. There is no question that Debtors' disputes with its subcontractors arise under Nevada law, and that the parties to that litigation reside in Nevada. While this Court can determine Nevada law, the Court finds the Nevada State Court is better situated and more prepared to handle the already-consolidated multi-party action in Nevada; all parties, Prive, Sun City, Midwest Drywall, Opbiz, and ADT, are parties in the Nevada State Court and the State Court has made rulings in the case, indicating familiarity with the issues. Granting relief from stay to allow the case to proceed before the Nevada State Court promotes judicial economy.

In addition, the stay, under 11 U.S.C. §362, does not apply to non-Debtors Sun City, Midwest Drywall, Opbiz, and ADT and those parties may proceed to fully and finally adjudicate their causes of action, with no stay in effect. If the parties were not permitted to proceed against the Debtor(s) directly, they would nonetheless be allowed to proceed indirectly against the Landlord and, as the State Court judge correctly noted, the impact would be the same, in that their rights are so intertwined that a result against the Landlord would be the same as a result against Debtors.

The Debtors argue that allowing the subcontractors to proceed to trial on their liens in Nevada State Court would be expensive and disruptive to this reorganization and could have "devastating effects" on the administration of this case by impacting upon the lease obligations between Debtors and the Landlord. The Court disagrees. While the Debtors assert that defending the action in Nevada would force Debtors to expend funds it does not have, it should be noted that whatever determinations Nevada State Court does not make this Court will necessarily have to decide; and, the Debtors would incur fees for the proceedings associated with the necessary determinations regardless of whether the proceedings are in Nevada or before this Court. Moreover, to propose a plan of reorganization, the Debtors must determine the issues pending before the Nevada State Court and the State Court is most familiar with the issues and the law applicable. The claims in the consolidated State Court action are based on Nevada mechanic's lien law, NRS 108.239, and the claimants, Sun City and Mid-west Drywall, are entitled to a preferential trial setting. The Nevada State Court has indicated it can adjudicate the matters on an expedited basis, allowing the Debtors to more efficiently formulate a plan of reorganization.

This Court concludes "cause" exists to modify the stay to allow all parties in the consolidated State Court action to fully and finally adjudicate the consolidated action in the Nevada State Court. Having the consolidated State Court action heard in Nevada supports the Court's policy of judicial efficiency and economy. The relief granted for cause shall be modified so the Nevada State Court may adjudicate the rights, interests, and claims by and against the Debtor in the consolidated State Court action through judgment, but not execution upon judgment. The parties may not seek to enforce any judgment without further order of this Court.

For these reasons, it is:

**ORDERED AND ADJUDGED** that Sun City's Motion is **GRANTED**, as follows:

1.      The automatic stay under 11 U.S.C. §362 is modified and lifted to allow the

parties in the consolidated State Court action in Nevada, in Case No. A558732, to proceed

to fully and finally adjudicate all claims by and against the Debtor.

2.      In the event any party in the consolidated Nevada State Court action obtains

a judgment against the Debtor(s), said party may not seek to enforce the judgment, without

seeking further relief from this Court.


# # #

Copies furnished by:

Mark S. Roher
Adorno & Yoss LLP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida  33301
954-763-1200
954-766-7800 fax
mroher@adorno.com

Attorney Roher is directed to serve a copy of this Order on the Moving Attorney, the U.S. Trustee
and parties who have filed appearances and file a Certificate of Service with the Court.