UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PRIVE VEGAS, LLC and PVPH, LLC, | Case No. 09-34880-AJC<br>Case No. 09-34893-AJC |
| Debtors. | JOINTLY ADMINISTERED |

### SUN CITY ELECTRIC'S AND MIDWEST DRYWALL CO., INC.' S JOINT OBJECTION TO DEBTORS' MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 11 CASES [DE 123]

COMES NOW, Sun City Electric, a Nevada Corporation ("Sun City") and Midwest Drywall Co., Inc. ("Midwest"), by and through their undersigned counsel file this *Joint Objection to Debtors' Motion for Voluntary Dismissal of Chapter 11 Cases* as follows:

1. Secured Creditors Sun City and Midwest oppose the granting of the *Debtors' Motion for Voluntary Dismissal of Chapter 11 Cases (the "Motion to Dismiss")* [DE 123] because dismissal is not in the best interest of creditors.

2. Under 11 U.S.C. §1112(b), the Court is to determine what is in the best interest of all the creditors and elect to either dismiss the case or convert the case to a Chapter 7.

3. Sun City and Midwest contend it is in the best interest of all creditors to have this matter converted to a Chapter 7.

4. Converting this matter to a Chapter 7, maintains control over the Debtors' Estate, for all the creditors. If the matter is dismissed, Sun City and Midwest fear, the

{220147.0001/N0823686_1}

Debtors will go into the 'ether' and Debtors' creditors will be presented with substantial difficulties in their efforts to recover.

5. In addition, issues of preferential transfers and fraudulent transfers pre-petition do not appear to have been explored nor are they discussed in the moving papers. Thus, the creditors should not be cut off from potential avenues of recovery by a dismissal. Rather the estates should be preserved in a Chapter 7 proceeding.

6. The Debtors' reasoning for dismissal is based on the assumption that Planet Hollywood's lien, on the Debtors' assets, leaves no value for the estate and the unsecured creditors.

7. Yet, the *Motion to Dismiss* does not present this Court with sufficient evidence to support the proposition that Planet Hollywood is fully secured and there are no assets remaining for the estate.

8. If the Debtors' statement are true and Planet Hollywood is fully secured in all the Debtors' assets, a Chapter 7 Trustee can make that independent determination and determine how best to proceed for the benefit of <u>all</u> creditors.

9. Moreover, in prior pleadings, the Lease was with a related Planet Hollywood entity, Opbiz. The question arises as to who is the real part(ies) in interest with regard to the Debtor, and any secured lien claim. Clearly, there has been no determination regarding Planet Hollywood or Opbiz and its purported secured lien against the Debtor. This is an issue a Chapter 7 Trustee should consider.

10. As for the Debtors' secured creditors, Prive, Opbiz, and multiple subcontractors are engaged in active litigation in the Nevada State Court, over

mechanics liens. These liens, by law and equity, may affect who, has priority to the Debtors' assets.

11. Finally, the Debtors indicate Planet Hollywood does not object to a dismissal. Surely Planet Hollywood benefits if the Debtors' cases are dismissed. A dismissal leaves Planet Hollywood with an improved lease space, without further review by this Court and claims by other creditors.

12. In sum, it is in the best interest of <u>all</u> of the creditors to maintain the estate for their benefit by converting this matter to a Chapter 7.

13. Accordingly, Sun City and Midwest request this Court to convert these Chapter 11 cases to Chapter 7 cases pursuant to 11 U.S.C. §1112(b)(1), rather than to allow the estates to simply evaporate.

### Memorandum of Law

The plain meaning of § 1112(b) allows the bankruptcy court to convert a debtor's voluntary Chapter 11 case when it is in the best interest of creditors and the estate, **even if the debtor opposes conversion and favors dismissal**. *Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 803 (E.D. Pa. 2000) (Emphasis added). In the recent case of *In re Berkman*, No. 09-17860, 2010 Bankr. LEXIS 665 (Bankr. E.D. Pa. Mar. 10, 2010), the bankruptcy court concluded that conversion of the chapter 11 case to chapter 7 was appropriate because after conversion, the United States Trustee "will appoint an independent fiduciary who will evaluate the Debtor's assets (and consider whether it is advisable to operate the real estate holdings pending their liquidation or abandonment) and determine whether it is possible to raise an estate sufficient to generate a

meaningful distribution to creditors. *See In Products Int'l Co.*, 395 B.R. 101, 112 (Bankr. D. Ariz. 2008) (bankruptcy court denied chapter 11 debtor's motion to dismiss and instead appointed Chapter 11 trustee as being in the best interest of the creditors of the estate). The debtor's interest, however is not mentioned in section 1112(b) and enters into the equation, if at all, only to the extent that the debtor's interests coincide with those of the estate. *In re Del Monico*, No. No. 04 B 38235, 2005 Bankr. LEXIS 840, at * 13 (Bankr. N.D. Ill. May 13, 2005).

In this case, Sun City and Midwest likewise believe a Chapter 7 trustee is needed to independently evaluate the issues and determine how best to proceed for the benefit of <u>all</u> creditors, including the examination of liens and avoidance actions. Accordingly, the Chapter 11 cases should not be dismissed and instead, the cases should be converted to Chapter 7 cases because it is in the best interests of the estates and their creditors.

**WHEREFORE**, Sun City Electric and Midwest Drywall Co., Inc. jointly request the entry of an order denying the *Debtors' Motion for Voluntary Dismissal of Chapter 11 Cases* and converting the cases to Chapter 7 cases and for such further relief deemed appropriate under the circumstances.

Dated this 16th day of April, 2010.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**ADORNO & YOSS, LLP**
/s/ Mark S. Roher
Mark S. Roher
Florida Bar No: 178098
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301-1417
Tel: 954-728-3217
Fax: 954-660-8148
mroher@adorno.com
*Local Counsel for Sun City Electric and Midwest Drywall, Inc.*

**HOLLAND & HART, LLP**
Lars Evensen, Esq. (NV Bar No. 8061)
3800 Howard Hughes Parkway
10th Floor
Las Vegas, NV 89169
Phone: 702-669-4600
Fax: 702-669-4650
*Attorneys for Sun City Electric*

**SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON**
Dennis R. Haney, Esq. (NV Bar No.0016)
Shemilly A. Briscoe, Esq. (NV Bar No. 9985)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
*Attorneys for Midwest Drywall, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's cm/ecf electronic system on all interested parties on this 16th day of April, 2010.

/s/ Mark S. Roher
Mark S. Roher

{220147.0001/N0823686_1}